**MATERN LAW GROUP, PC**
Matthew J. Matern (SBN 159798)
  mmatern@maternlawgroup.com
Scott A. Brooks (SBN 160115)
  sbrooks@maternlawgroup.com
1230 Rosecrans Avenue, Suite 200
Manhattan Beach, CA 90266
Tel: (310) 531-1900
Facsimile: (310) 531-1901

Attorneys for plaintiff Delina Phipps,
individually and on behalf of others
similarly situated

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELINA PHIPPS, an individual, and on behalf of others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>BROOKS BROTHERS GROUP, INC., a Delaware limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants | No. 2:18-cv-10010 JFW (RAOx)<br><br>[Assigned to Hon. John F. Walter; Magistrate Judge: Hon. Rozella A. Oliver]<br><br>Plaintiff's Memorandum Of Points And Authorities In Support Of Motion For Preliminary Approval Of Class Action Settlement<br><br>Date:  June 1, 2020<br>Time:  1:30 p.m.<br>Courtroom:  7A<br>Judge:  Hon. John F. Walter |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

1

Plaintiff's MPA In Support Of Motion For
Preliminary Approval of Class Settlement
2:18-cv-10010 JFW (RAOx)

# **Table of Contents**

I.      Introduction.........................................................................1

II.     Background and Litigation History ......................................2

    A.  The Parties. ....................................................................2

    B.  Procedural History.........................................................2

    C.  Discovery and Investigation. .........................................3

III.    KEY SETTLEMENT TERMS ..............................................6

    A.  The requirements of Rule 23(a) are satisfied. ...............9

        1.  Rule 23(a)(1): Numerosity. ....................................9

        2.  Rule 23(a)(1): Commonality. ..................................9

        3.  Rule 23(a)(3): Typicality. .......................................9

        4.  Rule 23(a)(4): Adequacy of Representation....................10

    B.  The predominance and superiority requirements of Rule
        23(b)(3) are satisfied. ..................................................10

V.      THE SETTLEMENT MERITS PRELIMINARY APPROVAL................12

    A.  General principles........................................................12

    B.  The Settlement Is the Product of Arm's Length, Non-Collusive
        Negotiations, Has No Obvious Deficiencies, and Warrants
        Approval. ......................................................................12

        1.  The settlement is non-collusive. ..........................12

        2.  The settlement contains no "obvious deficiencies."........13

            a.  The settlement provides substantial monetary relief to
                the class.......................................................13

            b.  The plan of distribution of settlement payments to
                class members treats all class members equally and is
                fair and reasonable......................................14

MATERN LAW
GROUP, PC
1230 ROSECRANS
AVENUE, STE 200
MANHATTAN
BEACH, CA 90266

i

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

c.  The release is coextensive with the operative
complaint. .................................................................. 14

d.  Class Representative Phipps will not receive
disproportionate payment to those of class members,
and the proposed incentive award is fair and
reasonable. ................................................................. 14

e.  The settlement's provisions for attorneys' fees and
costs are in  the range approved. ............................ 15

f.  The allocation of $18,750 to the State's share of PAGA
penalties effectuates PAGA's purposes in the context
of the entire settlement. ........................................... 16

g.  The overwhelming bulk of the settlement fund will be
distributed to class members and the State for PAGA
penalties, and nothing will revert to Defendant. ........ 18

C.  The Settlement Is Well Within the Range of Possible Approval. ...... 18

1.  The Strength of Plaintiff's Case on the Merits as Balanced
Against the Risk, Expense, and Likely Duration of Further
Litigation. ........................................................................ 19

2.  The Overall Recovery Is Substantial. ............................... 19

3.  The Extent of Discovery and the Stage of the
Proceedings .................................................................... 20

4.  Highly Experienced Class Counsel Support the
Settlement. ..................................................................... 20

VI.    THE PROPOSED NOTICE SHOULD BE APPROVED ....................... 20

VII.   SCHEDULE FOR FINAL APPROVAL ................................................ 22

VIII. CONCLUSION ...................................................................... 23

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

ii

Plaintiff's MPA In Support Of Motion For
Preliminary Approval of Class Settlement
2:18-cv-10010 JFW (RAOx)

# **Table of Authorities**

**Page(s)**

## **Cases**

*AIG v. Interstate Fire & Casualty Co,*
    689 F.3d at 240................................................................................. 11

*Ambriz v. Coca-Cola Co.,*
    No. CV 14-00715 SVW, 2015 WL 12683823
    (C.D. Cal. March 11, 2015) ...................................... 11, 12, 18, 20

*Amchem Products, Inc. v. Windsor,*
    521 U.S. 591 (1997) ................................................................10, 11

*Churchill Vill., LLC v. Gen. Elec.,*
    361 F.3d 566 (9th Cir. 2004) ....................................................21

*Eisen v. Carlisle & Jacquelin,*
    417 U.S. 156 (1974) ..................................................................21

*Gardner v. GC Servs., LP,*
    No. 10-0997, 2011 WL 5244378 (S.D. Cal. Nov. 1, 2011)...........18

*Chrysler Corp.,*
    150 F.3d 1011 (9th Cir. 1998)..................................................10

*Hightower v. JP Morgan Chase Bank, NA,*
    No. CV 11-1802 PSG, 2015 WL 9664959 (C.D. Cal. Aug. 4, 2015)..............15

*In re Pac. Enterprises Sec. Litig.,*
    47 F.3d 373 (9th Cir. 1995) ......................................................15

*In re Tableware Antitrust Litig.,*
    484 F.Supp.2d 1078 (N.D. Cal. 2007) .......................................12

*In re Vitamins Antitrust Litig.,*
    Nos. MISC. 99-197(TFH), MDL 1285 2001 WL 856292
    (D.D.C. July 25, 2001) ..............................................................12

*Kamar v. Radio Shack Corp.,*
    254 F.R.D. 387 (C.D. Cal. 2008)...............................................10

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

iii

Plaintiff's MPA In Support Of Motion For
Preliminary Approval of Class Settlement
2:18-cv-10010 JFW (RAOx)

*LaFleur v. Med. Mgmt. Int'l, Inc.*,
  No. CV 13–00398–VAP (OPx), 2014 WL 2967475
  (C.D. Cal. June 25, 2014) .......................................................................... 15

*Misra v. Decision One Mortg. Co.*,
  No. 07-0994 DOC, 2009 WL 4581276 (C.D. Cal. Apr. 13, 2009) ............. 22

*Morales v. Stevco, Inc.*,
  No. No. 1:09–cv–00704 AWI JLT, 2011 WL 5511767
  (E.D. Cal. Nov. 10, 2011) ........................................................................... 20

*Moshogiannis v. Security Consultants Grp., Inc.*,
  No. 10-05971, 2012 WL 423860 (N.D. Cal. Feb. 8, 2012) ........................18

*Nat'l Rural Telecomm. Coop. v. DirecTV, Inc.*,
  221 F.R.D. 523 (C.D. Cal. 2004) .................................................................19

*O'Connor v. Uber Technologies, Inc.*,
  201 F.Supp.3d 1110 (N.D. Cal. 2016) ........................................................ 17

*Rodriguez v. Hayes*,
  591 F.3d 1105 (9th Cir. 2010) ....................................................................10

*Singer v. Becton Dickinson & Co.*,
  No. 08-821 IEG, 2010 WL 2196104 (S.D. Cal. Jun. 1, 2010) .................... 15

*Stuart v. Radioshack Corp.*, C-07-4499 EMC,
  2010 WL 3155645 (N.D. Cal. Aug. 9, 2010) .............................................. 16

*Syed v. M-I, LLC*,
  No. 1:12-cv-01718-DAD, 2017 WL 714367 (E.D. Cal. Feb. 22, 2017) .......... 17

*Viceral v. Mistras Group, Inc.*,
  18No. 15-cv-02198-EMC, 2016 WL 5907869 (N.D. Cal. Oct. 11, 2016)...... 17

*Wright v. Linkus Enter., Inc.*,
  259 F.R.D. 468 (E.D. Cal. 2009) ............................................................... 22

## **Statutes**

California Labor Code section 28 U.S.C. section 1715 .................................... 23

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

iv

Plaintiff's MPA In Support Of Motion For
Preliminary Approval of Class Settlement
2:18-cv-10010 JFW (RAOx)

California Labor Code section 2699 ................................................................. 5

**Rules**

Federal Rule of Civil Procedure 23(a)(1) ......................................................... 9

Federal Rule of Civil Procedure 23(a)(2) ......................................................... 9

Federal Rule of Civil Procedure 23(a)(3) ......................................................... 9

Federal Rule of Civil Procedure 23(a)(4) ........................................................10

Federal Rule of Civil Procedure 23(b)(3) ............................................ 10, 20, 21

Federal Rule of Civil Procedure 23(c)(3) .........................................................21

Federal Rule of Civil Procedure 23(c)(2)(B) .......................................20, 21, 22

Federal Rule of Civil Procedure 23(e)(2) ...................................................... 22

Federal Rule of Civil Procedure 30(b)(6) .................................................. 5, 20

**Regulations**

8 Cal. Code Regs. 11070 ............................................................................... 3

**Other Authorities**

*Manual for Complex Litigation*, Third (Federal Judicial Center 1995) ........12

Alba Conte & Herbert B. Newberg, 4 Newberg on Class Actions,
   (5th ed., 2014).........................................................................................12

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

v

Plaintiff's MPA In Support Of Motion For
Preliminary Approval of Class Settlement
2:18-cv-10010 JFW (RAOx)

# I.    Introduction

Plaintiff Delina Phipps seeks preliminary approval of a proposed wage-and-hour class and representative action settlement on behalf of all persons who worked as non-exempt employees of Brooks Brothers Group, Inc. in California during the period from September 5, 2014 through December 31, 2019. The Stipulation of Class and Representative Action Settlement and Release ("Settlement Agreement") provides for a non-reversionary settlement in the amount of $625,000.00 ("Gross Settlement Amount"). Settlement Agreement ("Settlement") ¶ 19, Exhibit 1 to Matern Decl.

The Settlement was reached after formal and informal discovery and arm's length, non-collusive bargaining between counsel, including two full-days of private mediation, held several months apart, with experienced mediators. The settlement amount represents a substantial recovery for the Class Members based on the claims alleged and the defenses thereto. Further, the Settlement does not suffer any obvious deficiencies or provide preferential treatment to Plaintiff or any segment of the class. In sum, the proposed Settlement is fair, reasonable and adequate and merits preliminary approval.

Additionally, the proposed notice procedure is appropriate and meets all requirements as to method and form. The Notice will be mailed to Class Members by First Class U.S. Mail at their last known addresses, as updated by the Settlement Administrator. The Notice fairly apprises Class Members of the terms of the proposed Settlement and of their rights and options in connection with the action.

Furthermore, provisional class certification, for settlement purposes only, is appropriate because: (1) the class is so numerous that joinder of all Class Members is impracticable; (2) there are questions of law and fact common to the class; (3) Plaintiff's claims are typical of the claims of the class; (4) Plaintiff and her counsel will fairly and adequately protect the

interests of the Class; and (5) questions of law and fact common to Class Members predominate over any questions affecting only individual Class Members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Accordingly, Plaintiff moves the Court to enter an order (1) provisionally certifying the class for settlement purposes only; (2) granting preliminary approval of the Settlement; (3) authorizing the mailing of the Notice to the Class Members; (4) enjoining Class Members from initiating or prosecuting any claim to be released under the Settlement, unless they first submit a Notice of Objection; and (5) setting a hearing to consider whether to grant final approval of the Settlement and to consider the requests for attorneys' fees and costs and an enhancement to Plaintiff.

## II.   Background and Litigation History.

### A.   The Parties.

Brooks Brothers is a clothing retailer that operated approximately 16 to 20 stores in California during the class period (September 5, 2014 through December 31, 2019).

Plaintiff worked for Brooks Brothers as an inventory coordinator at the at the Company's warehouse in Culver City for approximately 9 years, then worked at a premium retail store location on Rodeo Drive for approximately 6 years until the location was closed in 2018.

### B.   Procedural History.

On September 5, 2018, Plaintiff filed this putative class and representative action against defendant Brooks Brothers Group, Inc. in the Superior Court of the State of California for the County of Los Angeles, alleging causes of action for (1) Failure to Provide Required Meal Periods; (2) Failure to Provide Required Rest Periods; (3) Failure to Pay Overtime Wages; (4) Failure to Pay Minimum Wages; (5) Failure to Pay All Wages Due

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

2

Plaintiff's MPA In Support Of Motion For
Preliminary Approval of Class Settlement
2:18-cv-10010 JFW (RAOx)

1  to Discharged and Quitting Employees; (6) Failure to Maintain Required

2  Records; (7) Failure to Furnish Accurate Itemized Wage Statements; (8)

3  Failure to Indemnify Employees for Necessary Expenditures Incurred in

4  Discharge of Duties; (9) Unfair and Unlawful Business Practices; and, (10)

5  Penalties under the Labor Code Private Attorneys General Act ("PAGA").

6  Dkt. 1-1. On November 29, 2018, Defendant removed the action to this Court

7  under the Class Action Fairness Act. Matern Decl. at ¶ 4.

8       **C.   Discovery and Investigation.**

9       Prior to filing the complaint, counsel for Plaintiff investigated the

10 potential claims including by interviewing plaintiff, reviewing documents

11 provided by plaintiff as well as publicly-available documents, and researched

12 and analyzed potential claims under the applicable California Labor Code

13 sections and the Industrial Welfare Commission Wage Order 7 (Tit. 8 Cal.

14 Code Regs. 11070). Matern Decl. ¶ 5.

15      Following the filing of the complaint and removal to this Court, the

16 parties made their Rule 26 initial disclosures and commenced formal

17 discovery. Matern Decl. ¶ 6. Plaintiff propounded written discovery,

18 including interrogatories, requests for admission, and requests for

19 production of documents. Matern Decl. ¶ 6. Defendant propounded

20 interrogatories and requests for production. Matern Decl. ¶ 6. Each party

21 noticed the deposition of the other. Matern Decl. ¶ 6.

22      In the meantime, the parties agreed to mediation to be held on April 25,

23 2019 before Tripper Ortman, Esq., a respected mediator with a particular

24 emphasis in employment cases. Matern Decl. ¶ 7. At that time, the parties

25 agreed to put over the pending formal discovery in favor of informal

26 discovery focused on preparation for the mediation. Matern Decl. ¶ 7.

27 Defendant produced dozens of declarations of employees as well as policy

28 documents, Plaintiff's records, and time and payroll records for

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

3

Plaintiff's MPA In Support Of Motion For
Preliminary Approval of Class Settlement
2:18-cv-10010 JFW (RAOx)

1  approximately 730 out of the then-estimated 971 of Defendant's California
2  employees. Matern Decl. ¶ 7. Those time and payroll records contained
3  hundreds of thousands of data points. Matern Decl. ¶ 7. Plaintiff retained a
4  statistical analyst to analyze the timekeeping and payroll records, which
5  assisted Plaintiff's counsel in preparing a damages model prior to
6  mediation.  Matern Decl. ¶ 7.

7  The mediation went forward on April 25, 2019 with Plaintiff and a
8  representative for Defendant attending. Matern Decl. ¶ 8. The mediation
9  lasted all day and while the parties made progress in understanding each
10 other's positions, they were unable to come to terms. Matern Decl. ¶ 8.

11 Following the mediation, Brooks Brothers retained new defense counsel,
12 and there were further discussions between the parties' counsel regarding
13 the case and the potential framework for further settlement discussions.
14 Matern Decl. ¶ 9. In conjunction with these discussions, Brooks Brothers
15 produced substantially more documents, primarily hundreds of paper time
16 records from its California stores. Matern Decl. ¶ 9. Defendant maintained
17 that during the class period, its California stores used different means of
18 recording time including paper time sheets, the POS system, the WorkForce
19 system, and handwritten and electronic meal break waiver forms. Matern
20 Decl. ¶ 9. While the electronic data could be readily analyzed by computer,
21 the paper time sheets were not machine-readable and Plaintiff had the data
22 input manually from the paper records at significant expense. Matern Decl.
23 ¶ 9. The data from the paper records resulted in over 20,000 rows of time
24 data for stores throughout California. Matern Decl. ¶ 9.

25 Counsel for the parties continued settlement discussions and agreed to a
26 second mediation before the Hon. Louis Meisinger (ret.) to be held on
27 November 5, 2019. Matern Decl. ¶ 10. At that time, the deadline for Plaintiff
28 to file her motion for class certification was December 2, 2019, so while the

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

4

Plaintiff's MPA In Support Of Motion For
Preliminary Approval of Class Settlement
2:18-cv-10010 JFW (RAOx)

1  parties continued to engage in informal discovery to prepare for mediation,

2  there was no guarantee that mediation efforts would succeed and so they

3  also prepared for class certification. Matern Decl. ¶ 10. Thus, Plaintiff took a

4  Fed. Rule Civ. Pro. 30(b)(6) deposition on October 29, 2019 and Plaintiff sat

5  for her deposition on November 1, 2019. Matern Decl. ¶ 10.

6      The second mediation session went forward on November 5, 2019.

7  Matern Decl. ¶ 11. Again, after a full-day, the parties were unable to reach a

8  settlement and the session ended with a mediator's proposal. Matern Decl. ¶

9  11. After these extensive negotiations, the parties accepted the proposal and

10  proceeded to prepare the long-form settlement agreement. Matern Decl. ¶

11  11. The settlement is documented in the Stipulation of Settlement

12  ("Settlement Agreement"), which is submitted herewith as Exhibit 1 to the

13  Matern Declaration. Matern Decl. ¶ 11.

14      The Settlement Agreement takes into consideration the disputed

15  potential liability, the wide range of potential recovery, and the

16  uncertainties and expense of protracted litigation. Matern Decl. ¶ 12. The

17  proposed notice to class members is attached to the Settlement Agreement

18  as Exhibit A. Matern Decl. ¶ 12; Notice, Exhibit A to Settlement Agreement.

19  The Parties believe, and the mediator's proposal would also suggest, that it

20  is in the best interests of all Parties and the putative settlement class and

21  representative group, to resolve the actions on these terms. Matern Decl. ¶

22  12.

23      The settlement compensates class members for all claims alleged against

24  Brooks Brothers in the Complaint, including claims that Brooks Brothers

25  failed to provide meal periods and rest breaks and for associated penalty

26  claims, such as wage statement penalties, waiting time penalties, and civil

27  penalties under the Private Attorneys General Act, California Labor Code

28  section 2699 et seq. ("PAGA"). Matern Decl. ¶ 13. The $625,000, non-

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

5

Plaintiff's MPA In Support Of Motion For
Preliminary Approval of Class Settlement
2:18-cv-10010 JFW (RAOx)

reversionary settlement is the result of two arm's length mediations held months apart, and reflects the parties' well-informed understanding of the strengths and weakness of Plaintiff's claims and Brooks Brothers' defenses. Matern Decl. ¶ 13. The Settlement provides substantial benefits to Class Members and avoids the cost, risk, and delay attendant to further litigation, which could take years and is uncertain to result in a class-wide recovery. Matern Decl. ¶ 13. Accordingly, the Court should certify the proposed settlement class and grant preliminary approval of the settlement.

## III.    KEY SETTLEMENT TERMS

$625,000 Non-Reversionary Settlement Fund. The settlement provides for a $625,000 payment to provide for class member settlement payments, attorneys' fees and costs, a $18,750 payment to the Labor & Workforce Development Agency ("LWDA") for the State's share of penalties under the Labor Code Private Attorneys General Act ("PAGA"), Labor Code §§ 2698 et seq., Brooks Brothers' share of applicable payroll taxes on amounts treated as wages, an incentive award of $10,000 to Class Representative Phipps, and $15,000 for the costs of settlement administration. Settlement ¶¶ 21, 23, 33, 48-52. The $625,000 settlement fund is entirely non-reversionary. Settlement ¶ 51.

Distribution of Settlement Payments. The Net Settlement Amount available for class member settlement payments is estimated to be approximately $345,000 for a class of 1,007, providing for an average individual settlement payment of approximately $342.60 per class member. Matern Decl. at ¶ 14. The individual settlement payment will be calculated as a pro rata share of the Net Settlement Amount, based on the number of workweeks worked by each Class Member during the Class Period. Specifically, each participating Class Member's Individual Settlement Share, less employee's and employer's withholdings and taxes associated with the

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

6

Plaintiff's MPA In Support Of Motion For
Preliminary Approval of Class Settlement
2:18-cv-10010 JFW (RAOx)

wage portion of the Individual Settlement Share, will be based on the number of Qualifying Workweeks as a non-exempt employee between September 5, 2014 to December 31, 2019, subject to the provision that any Class Member who was a member of the settlement class in *Hoagland, et al. v. Brooks Brothers Group, Inc., et al.*, Los Angeles County Superior Court, Case No. BC511534, shall be credited only for the number of Qualifying Workweeks he or she was employed by Brooks Brothers as a Class Member from January 30, 2015 to December 31, 2019.[1] Settlement ¶ 29, 60. One-third of each Individual Settlement Share shall be allocated as wages, one-third of each Individual Settlement Share shall be allocated as penalties, and one-third of each Individual Settlement Share shall be allocated as interest. Individual Settlement Shares will be paid out to Participating Class Members subject to reduction for all employer's and employee's share of withholdings and taxes associated with the wage-portion of the Individual Settlement Shares. Settlement ¶ 61.

Each class member who does not opt out of the settlement and who can be located in the Notice process will automatically be mailed a settlement payment.  Settlement ¶ 55(c). Class members will not be required to submit a claim or fill out a form to receive a settlement payment. Settlement ¶ 60(a). The settlement provides for skip tracing to locate class members whose Notices are returned to the Administrator as undeliverable.  Settlement ¶ 54(c). There shall be a 180-day check cashing period for the settlement payments. Settlement ¶ 64. Class members whose Notices are returned as undeliverable, and for whom a more current address cannot be ascertained through skip tracing, will be sent a settlement check at the last known address and if the check is not negotiated within 180 days, the check will be cancelled

---

[1] The settlement class period in *Hoagland* was from June 7, 2009 through January 30, 2015. Matern Decl. at ¶ 14.

1  and the funds sent to the State Controller's Office. Settlement ¶ 64.

2  <u>Releases.</u> The class member release is coextensive with those claims

3  that were or could have been brought in the Complaint, based on the facts

4  and allegations in the complaint on file. Settlement ¶ 67(a). These include

5  claims for minimum and overtime wages, pay for all hours worked including

6  off-the-clock work, commissions and/or incentive pay, vacation pay, rest

7  periods, meal periods, expense reimbursement, failure to timely pay wages,

8  failure to furnish accurate, itemized wage statements, failure to maintain

9  required records, failure to pay all wages due to discharged and quitting

10  employees, unfair and unlawful business practices, and civil penalties under

11  the PAGA. Settlement ¶ 67. Class members' claims will be released from

12  September 5, 2014 through December 31, 2019. Settlement ¶ 67(b).

13  <u>Attorneys' Fees and Costs.</u>  The Settlement provides that Class Counsel

14  may seek an amount not to exceed Two Hundred Six Thousand Two Hundred

15  Fifty Dollars ($206,250.00) (33% of the Gross Settlement Amount) of the

16  $625,000 Gross Settlement Amount for attorneys' fees, and Class Counsel

17  Expenses not to exceed Thirty Thousand Dollars ($30,000.00). Settlement ¶

18  7-8, 51.

19  <u>Enhancement Award to Class Representative Phipps</u>. The Settlement

20  provides for an incentive award of $10,000 to Class Representative Delina

21  Phipps, in recognition of her efforts on behalf of the Class. Settlement ¶ 50. If

22  approved by the Court, she would receive these amounts in addition to her

23  individual settlement payment. *Id.*

24  <u>Settlement Administrative Costs</u>. The parties have agreed to use CPT

25  Group, Inc. as the settlement administrator. Settlement ¶ 32. Settlement

26  administration costs are estimated at $15,000.00. Settlement ¶ 33.

27

28

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

8

Plaintiff's MPA In Support Of Motion For
Preliminary Approval of Class Settlement
2:18-cv-10010 JFW (RAOx)

### A.    The requirements of Rule 23(a) are satisfied.

Plaintiff seeks certification, for settlement purposes, of a class defined as, "all current and former non-exempt employees, employed by Defendant in the State of California, at any time from September 5, 2014 through December 31, 2019." Settlement ¶ 10.

### 1.    Rule 23(a)(1): Numerosity.

The settlement class, consisting of at least 1,007 people easily satisfies the numerosity standard, which requires merely that the class be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Matern Decl. ¶ 15.

### 2.    Rule 23(a)(1): Commonality.

The case involves numerous questions of law and fact that are common to the class, satisfying the requirements of Rule 23(a)(2). The claims being settled turn on common questions, such as: (1) whether class members are entitled to premium pay wages for missed meal periods; (2) whether class members are entitled to premium pay wages for missed rest periods; (3) whether class members are entitled to overtime compensation for their overtime hours worked; (4) whether Defendant failed to pay class members minimum wages for all hours worked; (5) whether Defendant failed to pay all wages due to discharged and quitting employees; (6) whether Defendant failed to maintain required records; (7) whether Defendant failed to furnish accurate itemized wage statements; (8) whether Defendant failed to indemnify class members' for necessary expenditures incurred in discharge of duties; (9) whether Defendant engaged in unfair and unlawful business practices; and (10) whether representative group members are entitled to penalties under the PAGA.

### 3.    Rule 23(a)(3): Typicality.

Class Representative Phipps has claims that are typical of the class. The

1  typicality standard is satisfied when "the representative's claims are
2  reasonably co-extensive with those of absent class members; they need not be
3  substantially identical." *Rodriguez v. Hayes*, 591 F.3d 1105, 1124 (9th Cir.
4  2010). Ms. Phipps was employed by Brooks Brothers in a non-exempt
5  position and was allegedly subject to the same policies that are challenged in
6  the Complaint. Phipps Decl. ¶ 5 and Exhibit 2 (wage statement).

7          **4.    Rule 23(a)(4): Adequacy of Representation.**

8      The adequacy of representation requirement is met where the class
9  representative: (1) has common, not antagonistic, interests with unnamed
10  class members; and (2) will vigorously prosecute the interests of the class
11  through qualified counsel. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591,
12  625-26 (1997). Class Representative Phipps has no conflict of interest with
13  the Class and has retained qualified counsel – Matern Law Group, PC.
14  Matern Decl. ¶¶ 29-40; Phipps Decl. ¶ 7. Accordingly, Fed.R.Civ.P. 23 (a)(4)'s
15  adequacy requirement is satisfied.

16     **B.    The predominance and superiority requirements of**
17          **Rule 23(b)(3) are satisfied.**

18      The predominance inquiry "tests whether proposed classes are sufficiently
19  cohesive to warrant adjudication by representation," and focuses on the
20  "relationship between the common and individual issues." *Hanlon*, 150 F.3d
21  at 1022 (quotation marks and citation omitted). "When common questions
22  present a significant aspect of the case and they can be resolved for all
23  members of the class in a single adjudication, there is clear justification for
24  handling the dispute on a representative rather than on an individual basis."
25  *Id.* (quotation marks and citation omitted). "[T]he existence of certain
26  individualized or deviating facts will not preclude certification if most class
27  members were subjected to a company policy in a way that gives rise to
28  consistent liability or lack thereof." *Kamar v. Radio Shack Corp.*, 254 F.R.D.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

10

Plaintiff's MPA In Support Of Motion For
Preliminary Approval of Class Settlement
2:18-cv-10010 JFW (RAOx)

387, 399 (C.D. Cal. 2008).

The resolution of this case would turn primarily on common issues, which predominate in this action, and include (1) whether class members are entitled to premium pay wages for missed meal periods; (2) whether class members are entitled to premium pay wages for missed rest periods; (3) whether class members are entitled to overtime compensation for their overtime hours worked; (4) whether Defendant failed to pay class members minimum wages for all hours worked; (5) whether Defendant failed to pay all wages due to discharged and quitting employees; (6) whether Defendant failed to maintain required records; (7) whether Defendant failed to furnish accurate itemized wage statements; (8) whether Defendant failed to indemnify class members' for necessary expenditures incurred in discharge of duties; (9) whether Defendant engaged in unfair and unlawful business practices; and (10) whether representative group members are entitled to penalties under the PAGA. Accordingly, common questions of law and fact predominate over individualized issues.

In light of the parties' settlement agreement, the court need not consider any trial manageability issues that might otherwise have borne on the propriety of class certification. *See, e.g.*, *Amchem*, 521 U.S. at 620; *AIG*, 689 F.3d at 240 (settlement class could be certified even where district court had denied class certification for litigation, because manageability was no longer at issue).

Class resolution of these claims would be "more efficient and fairer than individual lawsuits." *Ambriz v. Coca-Cola Co.*, No. CV 14-00715 SVW, 2015 WL 12683823 at *4 (C.D. Cal. March 11, 2015). Trying these claims individually in hundreds or thousands of cases would require substantial repetition of evidence and could result in conflicting judgments while imposing an extraordinary burden on the parties' and the Court's resources.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

11

Plaintiff's MPA In Support Of Motion For
Preliminary Approval of Class Settlement
2:18-cv-10010 JFW (RAOx)

1  Moreover, each class member's claim is likely to be modest, and therefore it
2  would not be economically feasible for most class members to litigate their
3  claims independently. Therefore, absent class treatment, most class
4  members' claims would go unremedied regardless of their merit.

5  **V.     THE SETTLEMENT MERITS PRELIMINARY APPROVAL.**

6      **A.     General principles.**

7      At the preliminary approval stage, the court must find only that the
8  proposed settlement is non-collusive and within the range of possible final
9  approval. *In re Tableware Antitrust Litig.*, 484 F.Supp.2d 1078, 1079-80
10  (N.D. Cal. 2007); see also Alba Conte & Herbert B. Newberg, 4 *Newberg on
11  Class Actions*, § 13.13 (5th ed., 2014). As long as "preliminary evaluation of
12  the proposed settlement does not disclose grounds to doubt its fairness or
13  other obvious deficiencies, such as unduly preferential treatment of class
14  representatives or of segments of the class, or excessive compensation for
15  attorneys, and appears to fall within the range of possible approval," the
16  Court should preliminarily approve the settlement. *In re Vitamins Antitrust
17  Litig.*, 2001 WL 856292, at *4 (D.D.C. July 25, 2001) (quoting *Manual for
18  Complex Litigation*, Third § 30.41 at p. 237 (Federal Judicial Center 1995)).
19  A full fairness analysis follows at the final approval stage, after class
20  members have an opportunity to be heard regarding the settlement. *Ambriz*,
21  2015 WL 12683823 at *5 n.3.

22      **B.     The Settlement Is the Product of Arm's Length, Non-**
23          **Collusive Negotiations, Has No Obvious Deficiencies,**
24          **and Warrants Approval.**

25      The proposed settlement meets all of the standards for preliminary
26  approval.

27          **1.     The settlement is non-collusive.**

28      The settlement is the product of a mediation session with the

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

12

Plaintiff's MPA In Support Of Motion For
Preliminary Approval of Class Settlement
2:18-cv-10010 JFW (RAOx)

1    assistance two mediators, including the highly respected former jurist Hon.

2    Louis Meisinger. Matern Decl. ¶ 16. The settlement was reached only after

3    sufficient discovery that Counsel for Plaintiff and the proposed Class were

4    fully aware of the strengths and weaknesses of the case. Matern Decl. ¶ 16.

5    **2.    The settlement contains no "obvious deficiencies."**

6    The settlement contains none of the provisions that courts sometimes

7    identify as cause for concern. The settlement is entirely non-reversionary.

8    **a    The settlement provides substantial monetary**

9    **relief to the class.**

10    The settlement provides substantial monetary relief for class members.

11    Plaintiff estimated the unpaid premium wages arising from meal period

12    violations at $131,364.20 (8,410 violations x $15.62 average wage rate).

13    Unpaid premium wages for the rest break violations were estimated at

14    $34,645.16 (2,218 violations x $15.62 average wage rate). Matern Decl. ¶ 16.

15    Assuming at least one violation under PAGA for 400 employees over 2,000

16    pay periods over a one-year PAGA period, potential PAGA penalties would be

17    $360,000 (($100 initial penalty x 400 employees) + ($200 subsequent

18    penalty x (2,000 pay periods – 400 employees)). Matern Decl. ¶ 16. With an

19    estimated 200 former employees, the Labor Code section 203 penalties

20    would be $702,900 (200 former employees x $15.62 average wage rate x 7.5

21    hour workday x 30 days). Matern Decl. ¶ 16. Together, these unpaid wages

22    and penalties amount to $1,228,909.36. Matern Decl. ¶ 16. The Gross

23    Settlement Amount of $625,000 is approximately 51% of that amount.

24    Matern Decl. ¶ 16. While this does not include interest, penalties under Labor

25    Code section 226, the estimated 400 hours of unpaid time due to rounding,

26    or cell phone reimbursement, the settlement clearly represents a substantial

27    recovery. Matern Decl. ¶ 16.  Moreover, the estimated "soaking wet' recovery

28    numbers above do not account for meal period waivers asserted by Brooks

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

13

Plaintiff's MPA In Support Of Motion For
Preliminary Approval of Class Settlement
2:18-cv-10010 JFW (RAOx)

Brothers, the $7,497.60 in premium payments that Brooks Brothers made for meal period violations, or any of the other defenses. Matern Decl. ¶ 16.

Given that Brooks Brothers contested Plaintiff's claims and contends that it has calculated overtime properly, this is an outstanding result.

**b.    The plan of distribution of settlement payments to class members treats all class members equally and is fair and reasonable.**

The settlement provides for a pro rata distribution of the Net Settlement Fund based on each class member's number of Qualifying Workweeks worked during the class period, less those which were covered by the prior *Hoagland* settlement. In addition, class members will not have to make claims to receive a settlement payment.  Each class member will be mailed a payment automatically. To protect the interests of all class members, the settlement incorporates procedures to ensure that as many class members as possible can be located.

**c.    The release is coextensive with the operative complaint.**

The release given by class members in the settlement is fair and reasonable, because it is limited to those claims that were or could have been alleged in the operative Complaint, arising out of the facts alleged in the Complaint. Settlement Agreement ¶ 67; Dkt. 6-1 (Exhibit A).

**d.    Class Representative Phipps will not receive disproportionate payment to those of class members, and the proposed incentive award is fair and reasonable.**

Class Representative Phipps will receive a settlement share calculated by the same method as the shares of the other Class Members. Class Representative Phipps will also be eligible to receive a service award in

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

14

Plaintiff's MPA In Support Of Motion For
Preliminary Approval of Class Settlement
2:18-cv-10010 JFW (RAOx)

addition to her individual settlement payments, but the settlement is not contingent on Court approval of that service award. Settlement ¶ 12, 50; Matern Decl. 20. Any amount that is not approved by the Court will be added to the Net Fund Value for class member settlement payments. Settlement ¶ 50. Ms. Phipps will sign a general release of all claims. Settlement ¶¶ 50, 68.

The proposed $10,000 incentive award to Class Representative Phipps is within the range that courts in this circuit routinely approve. See, e.g., *Hightower v. JP Morgan Chase Bank, NA*, No. CV 11-1802 PSG, 2015 WL 9664959 at *12 (C.D. Cal. Aug. 4, 2015) (approving $10,000 incentive awards to each of seven lead plaintiffs); *LaFleur v. Med. Mgmt. Int'l, Inc.*, No. CV 13–00398–VAP (OPx), 2014 WL 2967475 at *8 (C.D. Cal. June 25, 2014) (approving incentive awards of $15,000 each to two class representatives from $535,000 wage and hour class action settlement). Plaintiff will provide declarations in support of final approval detailing the active participation of Class Representative Phipps, and the services she provided to the Class.

### e.    The settlement's provisions for attorneys' fees and costs are in the range approved.

The attorneys' fees and costs provisions of the settlement are fair and reasonable. The settlement permits Class Counsel to seek attorneys' fees not to exceed $206,250.00, i.e., one-third of the Gross Settlement Amount of $625,000.00. Settlement ¶ 51. A fee award of one-third of the common fund is consistent with fee awards made by federal courts in the Ninth Circuit. *See, e.g., In re Pac. Enterprises Sec. Litig.*, 47 F.3d 373, 378-79 (9th Cir. 1995) (affirming fee award of one-third of settlement); *Singer v. Becton Dickinson & Co.*, No. 08-821 IEG, 2010 WL 2196104 at *8-9 (S.D. Cal. Jun. 1, 2010) (33.33% of wage and hour settlement "falls within the typical range … in similar cases"; citing awards of 33.33%-40%); *Lopez v. Delta Air Lines, Inc.*,

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

15

Plaintiff's MPA In Support Of Motion For
Preliminary Approval of Class Settlement
2:18-cv-10010 JFW (RAOx)

Case No. 2:15-cv-07302-SVW-SS (awarding one third of settlement fund in case involving improper calculation of overtime) (Order Granting Plaintiffs' Motion for Attorneys' Fees, Costs, and Class Representative Service Award Payments, November 15, 2017) (Wilson, J.); *Stuart v. Radioshack Corp.*, C-07-4499 EMC, 2010 WL 3155645, at *6 (N.D. Cal. Aug. 9, 2010) (awarding one-third of settlement fund in wage-and-hour class action and noting that "[t]his is well within the range of percentages which courts have upheld as reasonable in other class action lawsuits").

Class Counsel will also have the opportunity to seek reimbursement of their litigation expenses not to exceed $30,000.00. Matern Decl. ¶ 21. As will be set forth in detail in Class Counsel's fee motion, the costs for which Class Counsel will seek reimbursement are of the type routinely reimbursed as necessary litigation expenses, such as deposition transcripts, expert fees, and mediation fees, and the actual amount of costs incurred actually exceeds what is requested. The Settlement is not contingent on the Court granting the attorneys' fees and costs requested. Settlement ¶ 51; Matern Decl. ¶ 21. As with the Class Representative enhancement, any amounts not awarded by the Court will be added to the Net Fund Value that is available for class member settlement payments. Settlement ¶ 51.

> ### f. The allocation of $18,750 to the State's share of PAGA penalties effectuates PAGA's purposes in the context of the entire settlement.

The $25,000 PAGA Payment ($18,750 payment to the LWDA for the State's share of PAGA penalties and $6,250 payment to be distributed to Participating Class Members) is consistent with recent authority regarding the allocation of settlement proceeds to PAGA in large wage and hour class actions. Matern Decl. ¶ 21. Under PAGA, 75% of the recoverable civil

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

16

Plaintiff's MPA In Support Of Motion For
Preliminary Approval of Class Settlement
2:18-cv-10010 JFW (RAOx)

penalties are paid to the LWDA for enforcement of California's labor laws,
and the remaining 25% is distributed to aggrieved employees. Labor Code
§2699(i). The $18,750 payment to the LWDA for the State's share of PAGA
penalties therefore represents an allocation of three percent to PAGA
penalties from the Gross Settlement Amount. In a combined class action and
PAGA settlement of wage and hour claims, "the Court must evaluate the
adequacy of compensation to the class as well as the adequacy of the
settlement in view of the purposes and policies of PAGA. In doing so, the
court may apply a sliding scale. For example, if the settlement for the Rule 23
class is robust, the purposes of PAGA may be concurrently fulfilled. By
providing fair compensation to the class members as employees and
substantial monetary relief, a settlement not only vindicates the rights of the
class members as employees, but may have a deterrent effect upon the
defendant employer and other employers, an objective of PAGA." *O'Connor
v. Uber Technologies, Inc.*, 201 F.Supp.3d 1110, 1134 (N.D. Cal. 2016).
Applying the sliding scale analysis, courts have held that comparable
allocations to PAGA penalties in a class action settlement fulfill the purposes
of PAGA and warrant approval. S*ee, e.g., Syed v. M-I, LLC*, No. 1:12-cv-
01718-DAD, 2017 WL 714367 at *13 (E.D. Cal. Feb. 22, 2017) (granting
preliminary approval of allocation of $100,000 to PAGA penalties from gross
settlement of $3.95 million settlement of California wage and hour claims);
*Viceral v. Mistras Group, Inc.*, 18  No. 15-cv-02198-EMC, 2016 WL 5907869
at *8-*9 (N.D. Cal. Oct. 11, 2016) (granting preliminary approval of allocation
of $20,000 to PAGA penalties from $6 million settlement based on overall
quality of settlement balanced against litigation risks).

Here, the settlement as a whole provides substantial individual recoveries
to class members on their Labor Code claims. Matern Decl. ¶ 17. PAGA's
goals of enforcing the Labor Code through private litigation are also well

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

17

Plaintiff's MPA In Support Of Motion For
Preliminary Approval of Class Settlement
2:18-cv-10010 JFW (RAOx)

1   effectuated by this settlement. The additional allocation of $18,750 to the

2   State's share of PAGA penalties further supports the State's efforts to enforce

3   California labor law.

4          **g.**     **The overwhelming bulk of the settlement fund will**

5                  **be distributed to class members and the State for**

6                  **PAGA penalties, and nothing will revert to**

7                  **Defendant.**

8        The vast bulk of the $625,000 Gross Settlement Amount will be

9   distributed to class members. The settlement is entirely non-reversionary.

10   The entire net settlement amount after the deduction of the $18,750 payment

11   to the LWDA for the State's share of PAGA penalties, attorneys' fees and

12   costs, class representative enhancement payment, and administrative fees

13   will be distributed as settlement payments to class members.

14       **C.**    **The Settlement Is Well Within the Range of Possible**

15             **Approval.**

16        At the preliminary approval stage, courts often tentatively assess the

17   factors that will go into a final fairness determination: (1) the strength of the

18   plaintiff's case; (2) the risk, expense, complexity, and likely duration of further

19   litigation; (3) the amount of the settlement; (4) the extent of discovery

20   completed and the stage of the proceedings; and (5) the experience and views

21   of counsel. *See, e.g.*, *Ambriz*, 2015 WL 12683823 at *5; *Moshogiannis v.*

22   *Security Consultants Grp., Inc.*, No. 10-05971, 2012 WL 423860 at *5 (N.D.

23   Cal. Feb. 8, 2012); *Gardner v. GC Servs., LP*, No. 10-0997, 2011 WL 5244378

24   at *6 (S.D. Cal. Nov. 1, 2011). All of these factors indicate that the settlement

25   is well within the range of reasonableness, and the Court should direct notice

26   to be issued to class members.

27

28

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

18

Plaintiff's MPA In Support Of Motion For
Preliminary Approval of Class Settlement
2:18-cv-10010 JFW (RAOx)

1.        **1.**     **The Strength of Plaintiff's Case on the Merits as**
2.        **Balanced Against the Risk, Expense, and Likely**
3.        **Duration of Further Litigation.**

The overall benefits of the proposed settlement greatly outweigh the potential risks, expense, and likely duration of further litigation. While Plaintiffs are convinced their claims are strong on the merits, they recognize the substantial risks involved in litigating this case. Brooks Brothers contends that it's meal and rest period policies and practices were legally complaint, that it properly paid class members for all hours worked and timely, issued accurate, itemized wage statements, maintained accurate records, reimbursed business expenses, and paid all wages due to separated employees upon termination and was prepared to defend the case vigorously. A class-wide recovery would be highly uncertain.

Also, the delay and expense that would be incurred if the case is litigated rather than settled would be substantial. Brooks Brothers would be expected to aggressively litigate virtually every issue in this case, and can be expected to continue to do so if the case is not settled. The proposed settlement, by contrast, provides a substantial and immediate benefit to the class which is "preferable to lengthy and expensive litigation with uncertain results." *Nat'l Rural Telecomm. Coop. v. DirecTV, Inc.*, 221 F.R.D. 523, 526 (C.D. Cal. 2004) (citation omitted).

       **2.**     **The Overall Recovery Is Substantial.**

As set forth in Section V.B.2.a, *supra*, the gross settlement amount of $625,000 is a substantial amount both as an absolute number and for the expected class size of 1,007 employees. Individual class members are estimated to recover, on average, approximately $342.60 each. Matern Decl. ¶ 14.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

19

Plaintiff's MPA In Support Of Motion For
Preliminary Approval of Class Settlement
2:18-cv-10010 JFW (RAOx)

### 3. The Extent of Discovery and the Stage of the Proceedings.

The extent of discovery and investigation and the stage of the litigation also support the settlement. Plaintiff completed deposition of the corporate employee designated by Brooks Brothers pursuant to Fed.R.Civ.P. 30(b)(6) on various topics. Brooks Brothers deposed Ms. Phipps. Plaintiff's counsel also propounded comprehensive Requests for Production of Documents and Interrogatories, which led to informal discovery for the mediations. Plaintiff's Counsel analyzed the documents and data Brooks Brothers produced and hired and expert to analyze the time and payroll records.

By the time a settlement was reached, the parties were well aware of the risks and benefits associated with settlement or further litigation, and the range of possible outcomes. This factor weighs strongly in favor of settlement.

### 4. Highly Experienced Class Counsel Support the Settlement.

Class Counsel are very experienced in class litigation, particularly in wage and hour and other employment cases. Matern Decl. ¶¶ 33-37. Class Counsel's endorsement of the settlement as fair, reasonable, and adequate in light of the risks of further litigation and recommendation that it be approved (see Matern Decl. ¶ 28) "is entitled to significant weight, and weighs in favor of settlement." *Morales v. Stevco, Inc.*, No. No. 1:09–cv–00704 AWI JLT, 2011 WL 5511767 at *11 (E.D. Cal. Nov. 10, 2011); see, e.g., Ambriz, 2015 WL 12683823 at *6.

## VI.    THE PROPOSED NOTICE SHOULD BE APPROVED.

Federal Rule of Civil Procedure 23(c)(2)(B) requires that absent class members receive the "best notice that is practicable under the circumstances." For a Rule 23(b)(3) class, the notice must clearly and

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

20

Plaintiff's MPA In Support Of Motion For
Preliminary Approval of Class Settlement
2:18-cv-10010 JFW (RAOx)

1    concisely state: (i) the nature of the action; (ii) the definition of the class

2    certified; (iii) the class claims, issues, or defenses; (iv) that a class member

3    may enter an appearance through an attorney if the member so desires; (v)

4    that the court will exclude from the class any member who requests

5    exclusion; (vi) the time and manner for requesting exclusion; and (vii) the

6    binding effect of a class judgment on members under Rule 23(c)(3).  Fed. R.

7    Civ. P. 23(c)(2)(B). "Notice is satisfactory if it generally describes the terms

8    of the settlement in sufficient detail to alert those with adverse viewpoints to

9    investigate and to come forward and be heard." *Churchill Vill., LLC v. Gen.

10   Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (internal quotations marks and

11   citations omitted). Such notice is reasonable if mailed to each member of a

12   settlement class "who can be identified through reasonable effort." *Eisen v.

13   Carlisle & Jacquelin*, 417 U.S. 156, 176 (1974).

14         The proposed Notice meets all of the requirements of a notice to Rule

15   23(b)(3) class members. The Notice explains in plain and easily understood

16   language what the case is about; the class definition and claims; the

17   settlement amount and approximate individual amount each Class Member

18   will receive; the requested amounts to be paid to Class Counsel and as

19   incentive awards to the Class Representatives; the rights of Class Members to

20   appear through attorneys; the rights of Class Members to opt-out or object to

21   the Settlement's terms and the process by which they can do so; the binding

22   effect of the Settlement on those who do not request exclusion, including a

23   description of the Claims being released; and the particulars of the final

24   fairness hearing. Class Members will have 45 days to decide whether to opt

25   out or object to the settlement. *See* Settlement, Exh. A (Class Notice).

26         The parties' proposed plan for directing notice to the Class set forth in the

27   Settlement is also "the best notice that is practicable under the

28   circumstances." Using last-known addresses provided by Defendant, the

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

21

Plaintiff's MPA In Support Of Motion For
Preliminary Approval of Class Settlement
2:18-cv-10010 JFW (RAOx)

1  Settlement Administrator will send the Notice by First Class U.S. Mail to all
2  Class Members. Settlement ¶ 54(b). Further, the Settlement Administrator
3  will perform skip traces to obtain the correct address of any Class Members
4  for whom the Notice is returned as undeliverable, and shall attempt re-
5  mailings where new addresses are ascertained. Settlement ¶ 54(c). Plaintiffs
6  are not aware of any additional method of distribution that would be
7  reasonably likely to result in the receipt of notice by Class Members who
8  might otherwise not receive notice pursuant to the proposed distribution
9  plan. For these reasons, the Settlement's plan for directing notice to class
10  members satisfies Rule 23(c)(2)(B). *See, e.g., Wright v. Linkus Enter., Inc.*,
11  259 F.R.D. 468, 475 (E.D. Cal. 2009); *Misra v. Decision One Mortg. Co.*, No.
12  07-0994 DOC, 2009 WL 4581276, *9 (C.D. Cal. Apr. 13, 2009).

13  **VII.  SCHEDULE FOR FINAL APPROVAL.**

14  Because the case meets the requirements for certification of a settlement
15  class and the Settlement meets the requirements for preliminary approval,
16  the Court should direct notice to issue and set a final fairness hearing to
17  decide whether to grant final approval to the Settlement, as well as whether
18  to grant the Class Representatives' application for an award of service
19  payments and Class Counsel's motion for attorney's fees and costs. *See* Fed.
20  R. Civ. P. 23(e)(2).

21  Plaintiff requests that the Court set the Fairness Hearing for no less than
22  105 days after preliminary approval (on September 14, 2020 or later), or the
23  earliest available date thereafter. As reflected in the proposed order
24  submitted herewith, Plaintiff further requests that the Court order the
25  following briefing schedule:

26

27

28

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

22

Plaintiff's MPA In Support Of Motion For
Preliminary Approval of Class Settlement
2:18-cv-10010 JFW (RAOx)

| Plaintiff's motion for attorneys' fees and costs and for Class Representative service payment | 16 days before the Final Approval Hearing |
| Plaintiff's motion for final approval of the settlement and for Class Representative service payment | 16 days before the Final Approval Hearing |
| Defendant's Counsel shall file with the Court a declaration attesting that CAFA Notice has properly been served pursuant to 28 U.S.C. §1715 | 14 days before the Final Approval hearing |
| Reply briefs, if any | 14 days before the Final Approval Hearing |

## VIII. CONCLUSION

For the foregoing reasons, the court should grant preliminary approval of the joint stipulation of settlement, approved the proposed notice to class members, and set a final approval hearing.

Date: May 1, 2020                    Matern Law Group. PC


                                     */s/ Matthew J. Matern*
                                     Matthew J. Matern
                                     Scott A. Brooks
                                     Attorneys for plaintiff Delina Phipps

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

23

Plaintiff's MPA In Support Of Motion For Preliminary Approval of Class Settlement
2:18-cv-10010 JFW (RAOx)