NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELINA PHIPPS, an individual, and on behalf of others similarly situated<br><br>Plaintiff,<br><br>vs.<br><br>BROOKS BROTHERS GROUP, INC., a Delaware limited liability company; and DOES 1 through 50, inclusive,<br><br>Defendants | No. 2:18-cv-10010 JFW (RAOx)<br><br>Assigned to Hon. John F. Walter<br><br>ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT |

The Court, having fully reviewed Plaintiff's Motion for Preliminary Approval of Class Action Settlement, the supporting Memorandum of Points and Authorities and Declarations filed in support thereof, including the Joint Stipulation Of Class and Representative Action Settlement ("Settlement Agreement") and Notice of Settlement ("Notice"), and for good cause appearing, HEREBY MAKES THE FOLLOWING ORDERS:

1. The Court grants preliminary approval of the settlement based upon the terms set forth in the Settlement Agreement, which is attached as Exhibit 1 to the Declaration of Matthew J. Matern, and is incorporated in full

by this reference and made a part of this Order. The Settlement appears to be fair, adequate, and reasonable to the Class.

2. All capitalized terms defined in the Settlement Agreement shall have the same meaning when used in this Order.

3. The Settlement falls within the range of reasonableness of a settlement which could ultimately be given final approval by this Court, and appears to be presumptively valid, subject only to any objections that may be raised at the Final Approval Hearing and final approval by this Court. The Court notes that defendant Brooks Brothers Group, Inc. ("Brooks Brothers" or "Defendant") has agreed to create a common fund of $625,000.00 to cover (a) settlement payments to Class Members who do not validly opt out; (b) a $18,750 payment to the State of California, Labor & Workforce Development Agency for its share of the settlement of claims for civil penalties under the Private Attorneys General Act ("PAGA"); (c) a Class Representative service payment of up to $10,000.00 for Class Representative Delina Phipps; (d) Class Counsel's attorneys' fees, not to exceed Two Hundred Six Thousand Two Hundred Fifty Dollars ($206,250.00) (33% of the Gross Settlement Amount), and actual litigation expenses incurred by Class Counsel not to exceed $30,000; (e) Settlement Administration Costs of up to $15,000.00; and (f) Brooks Brothers' share of applicable payroll taxes on amounts treated as wages.

4. The Court finds and concludes that the Settlement is the result of arms' length negotiations between the Parties and two mediations conducted after Class Counsel had adequately investigated Plaintiff's claims and become familiar with their strengths and weaknesses. The assistance of two experienced mediators during two mediation sessions in the settlement process further confirms that the Settlement is non-collusive. The Court further finds that the settlement of Plaintiff's representative claims under the

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

2

Order Granting Motion
For Preliminary Approval Of Settlement
2:18-cv-10010 JFW (RAOx)

California Private Attorneys General Act, Cal. Labor Code §§2698 et seq., is fair and reasonable and is approved.

5. In accordance with the Settlement Agreement, the Court hereby certifies the following class for purposes of settlement: All current and former non-exempt employees, employed by Defendant in the State of California, at any time from September 5, 2014 through December 31, 2019. The Court hereby finds and concludes that the Class satisfies all of the requirements for certification under Fed. R. Civ. P. 23(a) and 23(b)(3), except manageability. Because certification of the Class is proposed in the context of a settlement, the Court need not inquire whether the case, if tried as a class action, would present intractable management problems.

6. With respect to the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3), the Court makes the following findings for the purposes of settlement only:

    a. The Class, which has approximately 1,007 members, satisfies the standard for numerosity in Fed. R. Civ. P. 23(a)(1).

    b. There are many questions of fact and law that are common to the Class regarding the policies and practices that applied to Class Members' employment with Defendant, thereby satisfying the standard for commonality in Fed. R. Civ. P. 23(a)(2).

    c. Plaintiff Delina Phipps' claims meet the typicality requirement because she was a non-exempt employee of Defendant and her claims arise from the same alleged events and course of conduct as those alleged on behalf of the Class, thereby satisfying Fed. R. Civ. P. 23(a)(3).

    d. The Court finds that Matern Law Group, PC, will fairly and adequately represent the Class, and appoints the firm as Class Counsel.

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

3

Order Granting Motion
For Preliminary Approval Of Settlement
2:18-cv-10010 JFW (RAOx)

  e. The Court finds that Plaintiff Delina Phipps will fairly and adequately represent the Class, and appoints her as Class Representative.

  f. The Court finds that for purposes of settlement only, common questions of law and fact predominate over individualized issues, because the claims arise from Defendant's policies and widespread practices, and further finds that the superiority requirement is satisfied because it is likely that recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis.

7. The Court approves CPT Group, Inc. ("Settlement Administrator") to perform the duties of the Settlement Administrator as set forth in this Order and the Settlement Agreement.

8. The Court finds that the Notice, which is attached as Exhibit A to the Settlement Agreement, comports with Fed. R. Civ. P. 23 and all Constitutional requirements including those of due process.  The Court further finds that the Notice adequately advises the Class about the class action; the terms of the proposed settlement, the benefits available to each Class Member, and the proposed fees and costs to Class Counsel; each Class Member's right to object or opt out of the settlement, and the timing and procedures for doing so; preliminary Court approval of the proposed settlement; and the date of the Final Approval hearing as well as the rights of Class Members to file documentation in support of or in opposition to and appear in connection with said hearing.  The Court further finds that the mailing of the Notice to each Class Member's last known address, with appropriate skip tracing and mail forwarding for Notices returned as undeliverable, as specifically described in the Settlement Agreement,

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

4

Order Granting Motion
For Preliminary Approval Of Settlement
2:18-cv-10010 JFW (RAOx)

constitutes reasonable notice to Class Members of their rights with respect to the class action and proposed settlement.

9. Within fourteen (14) days of the issuance of this Order, Defendant shall provide the Settlement Administrator with the Class Information, as specified in the Settlement Agreement.

10. Within 14 days after receipt of the Database, the Settlement Administrator shall mail the Notice in the manner specified in the Settlement Agreement.

11. The Court orders that any request for exclusion from the Settlement must be postmarked no later than the Response Deadline (45 days after the Notice is initially mailed to Class Members) or fifteen (15) days after the original Response Deadline in the event of a re-mailed Notice of Settlement, to be timely and valid.

12. Any Class Member who does not timely and validly request exclusion from the settlement may object to the Settlement Agreement. Any objection must be in writing, and must be mailed to the Settlement Administrator. Such objection shall include (i) the Class Member's name; (ii) current address; (iii) telephone number; (iv) dates of employment with Defendant; (v) last 4-digits of his or her Social Security number; and (vi) the basis of the objection, including the reasons why the objector believes that the Court should find that the proposed Settlement is not in the best interests of the Class and the reasons why the Settlement should not be approved and must be signed by the Class Member. To be timely, the objection must be postmarked no later than 45 days after the Notice is initially mailed to the Class. Any Class Member who does not timely submit such a written objection shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement.

5

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE, STE 200
MANHATTAN BEACH, CA 90266

Order Granting Motion
For Preliminary Approval Of Settlement
2:18-cv-10010 JFW (RAOx)

13. The Final Approval Hearing shall be held before this Court on September 28, 2020 at 1:30 p.m. in Courtroom 7A, to consider the fairness, adequacy, and reasonableness of the proposed settlement preliminarily approved by this Order, and to consider the motion of Class Counsel for an award of reasonable attorneys' fees and costs and a Class Representative service payment.

14. Any party to this case, including any Class Member, may be heard in person or by counsel, to the extent allowed by the Court, in support of, or in opposition to, the Court's determination of the good faith, fairness, reasonableness, and adequacy of the proposed settlement, the requested attorneys' fees and costs, the requested Class Representative service payment, and any order of final approval and Judgment regarding such settlement, fees, costs, and payments; provided however, that no person shall be heard in opposition to such matters unless such person has complied with the conditions set forth in the Notice.

15. Briefs regarding the settlement shall be served and filed in accordance with the following briefing schedule:

| | |
|---|---|
| Plaintiff's motion for attorneys' fees and costs and for Class Representative service payment | 16 days before the Final Approval Hearing |
| Plaintiff's motion for final approval of the settlement | 16 days before the Final Approval Hearing |
| Defendant's Counsel shall file with the Court a declaration attesting that CAFA Notice has properly been served pursuant to 28 U.S.C. §1715 | 14 days before the Final Approval hearing |
| Reply briefs, if any | 14 days before the Final Approval Hearing |

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE, STE 200
MANHATTAN BEACH, CA 90266

6

Order Granting Motion
For Preliminary Approval Of Settlement
2:18-cv-10010 JFW (RAOx)

16. The Court orders that if for any reason the Court does not execute and file an order of final approval and judgment, or if such a final approval order is reversed, the Settlement Agreement and the proposed settlement which is the subject of this Order and all evidence and proceedings had in connection therewith, shall be without prejudice to the status quo ante rights of the Parties to the litigation as more specifically set forth in the Settlement Agreement.

17. The Court orders that the Settlement Agreement shall not be construed as an admission or evidence of liability.

18. Pending further order of this Court, all proceedings in this matter except those contemplated herein and in the Settlement Agreement are stayed.

19. The Court expressly reserves the right to adjourn or continue the Final Approval Hearing without further notice to Class Members.

**IT IS SO ORDERED.**

Date:  May 29, 2020

_____
John F. Walter
United States District Judge

MATERN LAW GROUP, PC
1230 ROSECRANS AVENUE,
STE 200
MANHATTAN BEACH, CA
90266

7

Order Granting Motion
For Preliminary Approval Of Settlement
2:18-cv-10010 JFW (RAOx)